REPORTER'S RECORD
VOLUME 1 OF 1
TRIAL COURT CAUSE NO. 2006-CR-10110

THE STATE OF TEXAS            )(          IN THE DISTRICT COURT

VS.                           )(          399TH DISTRICT COURT

RICHARD LARES                 )(          BEXAR COUNTY, TEXAS

-------------------------------
PLEA HEARING
June 10, 2009

-------------------------------

On the 10th day of June, 2009, the proceedings came to be heard before the Court, outside the presence of a jury, in the above-entitled and -numbered cause; and the following proceedings were had before the HONORABLE JUANITA VASQUEZ-GARNER, Judge presiding, held in San Antonio, Bexar County, Texas;

Proceedings reported by computerized stenotype machine; Reporter's Record produced by computer-assisted transcription.

CHERYL A. LYREN, CSR NO. 1686
Official Court Reporter, 226th District Court
Cadena-Reeves Justice Center, 300 Dolorosa
San Antonio, Texas  78205
(210) 335-2446

* * * A P P E A R A N C E S * * *

BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE BY:
    MS. ANGELICA M. CARRION, SBN 24031797
    Cadena-Reeves Justice Center
    300 Dolorosa
    San Antonio, Texas  78205
        Appearing for the State of Texas;

LAW OFFICES OF JOE D. GONZALES BY:
    MR. JOE D. GONZALES, SBN 08119125
    1924 North Main Avenue
    San Antonio, Texas  78212
        Appearing for the Defendant.

    * -- * -- * -- * -- * -- * -- * -- *

(Open court, Defendant present, no jury.)

THE COURT: Richard Lares, please.

Okay, 2006-CR-10110, State of Texas versus Richard Lares.

Sir, you're Richard Lares.

THE DEFENDANT: Yes.

THE COURT: The State is charging you by indictment with the felony offense of aggravated sexual assault of a child, which is a first degree felony, that carries a range of punishment of a minimum five, up to a maximum ninety-nine years or life in the Texas Department of Criminal Justice Institutional Division, and a possible fine of up to $10,000. Do you understand that range?

THE DEFENDANT: Yes. Yes, Your Honor.

THE COURT: Okay. You have the right to remain silent, the right to request a jury trial, to confront your accusers in open court, and have Mr. Gonzales cross-examine them. You have many other rights contained in this document called Court's admonishments. Did you go over this carefully with Mr. Gonzales?

THE DEFENDANT: Yes, I did.

THE COURT: Did you understand it?

THE DEFENDANT: Yes.

THE COURT: Is this your signature on page 3?

THE DEFENDANT: Yes.

THE COURT: Did you know when you signed this document, you gave up the rights contained in it?

THE DEFENDANT: Yes.

THE COURT: I'll accept the document and make it part of the record.

Now, Mr. Lares, if you and Mr. Gonzales have a plea bargain agreement worked out with the State I'm not required to go along with it. What I'm going to do after we're done here is have you report to the Community Supervision and Corrections Department, which used to be called the Probation Department, so they can prepare a report for me. The report is called the presentence investigation report, which tells me all about you, your background, this case and other things that help me to decide if I'm going follow the agreement.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, if I follow the agreement you cannot appeal the case unless I give you permission to do that or unless Mr. Gonzales has filed written pretrial motions with the Court and have them ruled upon. If I decide for some reason that I'm not going follow this agreement you can take back your plea, the case will get placed back on the trial docket and the plea that you're about to enter can never be used against you in the future. Do you understand all that?

THE DEFENDANT: (Nodded head affirmatively). Yes, ma'am.

THE COURT: What's the agreement?

MS. CARRION: Judge, in this case it's a $1500 fine, 35 years, TDC; the State is opposed to his application and that is a cap, also.

THE COURT: Mr. Gonzales, is that your understanding of the agreement?

MR. GONZALES: It is, Your Honor.

THE COURT: Is that your understanding, too, Mr. Lares?

THE DEFENDANT: Yes.

THE COURT: This may or may not apply to you, sir. If you're not an American citizen a plea of guilty or no contest can have a very serious effects on your immigration status. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. Mr. Gonzales, has Mr. Lares been able to consult with you and assist you in his defense?

MR. GONZALES: Yes, Your Honor, and I feel compelled to add on the record there have been some issues about my client's competency. He has had now two competency evaluations. I am confident that my client would have been fit to proceed to trial. I am confident that he understands the proceedings up to now and he has assisted me in the past in preparing any defenses for him.

THE COURT: And that he's mentally competent to

enter this plea today?

MR. GONZALES: Yes, Your Honor.

THE COURT: Okay. Mr. Lares, to the offense of aggravated sexual assault of a child, how do you plead, sir?

THE DEFENDANT: No contest.

THE COURT: Were you promised anything that we haven't talked about today in order to get you to do this?

THE DEFENDANT: No, no, Your Honor.

THE COURT: Were you threatened or coerced?

THE DEFENDANT: To do --

THE COURT: To enter this plea?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you entering this plea because you've talked it over with Mr. Gonzales and you think this is the best thing for you to do?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. I'll note the plea and ask the State for proof.

MS. CARRION: Offer State's Exhibit Number 1 and its attachments.

MR. GONZALES: We have no objection.

THE COURT: Okay. Received.

Okay. I'm going to find that the evidence is sufficient, and I won't make any other findings at this time.

THE CLERK: Right now we have July 15th at 1:30,

but I think we're going change that date, Judge.

MR. GONZALES: Judge, I would like to hire a psychologist, and, also, he tells me that he needs thirty days to six weeks' preparation time, so if we could have some time, maybe early to mid August?

THE COURT: How about if we do August 10th?

MR. GONZALES: I think that will work.

THE COURT: Okay. So I will see you back in court on August 10th at 1:30, Mr. Lares.

THE DEFENDANT: Thank you, Your Honor.

THE COURT: You, too, sir.

(End of proceedings.)

* * * * * * * * * * * * * *

THE STATE OF TEXAS    *

THE COUNTY OF BEXAR *

I, CHERYL A. LYREN, FORMER Court Reporter in and for the State of Texas, do hereby state that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings directed by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and -numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further state that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further state that at the time of the taking of this record I was certified by the State of Texas, Certificate Number 1686, which expired on December 31, 2012.

I further state that the total cost for the preparation of the Reporter's Record is $28.00, and will be paid by Bexar County.

WITNESS MY HAND this the 11th day of May, 2015.

_/S/_____
Cheryl A. Lyren, RMR, CRR (Ret)
9411 Keegans Woods Drive.
San Antonio, TX  78254
(210) 213-1177
Calyren@gmail.com